UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| QUINTIN J. MAYWEATHER-BROWN, <br><br> Plaintiff, <br><br> v. <br><br> WARDEN, LEWIS, WESTVILLE OFFICE OF INTERNAL AFFAIRS, FARLEE, and JOHN SALYER, <br><br> Defendants. | CAUSE NO. 3:20-CV-305-DRL-MGG |

OPINION & ORDER

Quintin J. Mayweather-Brown, a prisoner without a lawyer, is an abusive litigator. This is the twenty-fourth case he has filed in this court. He is prohibited from proceeding *in forma pauperis* by 28 U.S.C. § 1915(g) unless he is imminent danger of serious physical harm because as a prisoner he filed three or more meritless lawsuits—commonly known as the Three Strikes Rule. This is not news to him. He was first told this in an order in 2017. *Mayweather-Brown v. Elkhart Co. Sheriffs Dept.*, 3:17-CV-178 (N.D. Ind. filed February 28, 2017) and *Mayweather-Brown v. Bradley Rodgers*, 3:17-CV-179 (N.D. Ind. filed February 28, 2017). This is the seventh case alleging imminent danger he has filed since then.

In *Mayweather-Brown v. Carter*, 3:17-CV-376 (N.D. Ind. May 15, 2017), he alleged prison officials at the Westville Correctional Facility were not providing him with mental health treatment or preventing him from attempting suicide. The defendant demonstrated Mr. Mayweather-Brown had received extensive mental health treatment and was not in danger of committing suicide. The court denied the request for preliminary injunctive relief asking to be removed from the Behavior Management Program where he was provided mental health treatment and prevented from attempting suicide. Later, Mr. Mayweather-Brown voluntarily dismissed the case.

In *Mayweather-Brown v. Sevier*, 3:18-CV-542 (N.D. Ind. July 18, 2018), he alleged he was being housed in a cell at the Westville Correctional Facility with inadequate ventilation and extreme temperatures. After receiving a response from the defendant, the court found his allegation of imminent danger was not credible. Mr. Mayweather-Brown voluntarily dismissed the case.

In *Mayweather-Brown v. Sevier*, 3:18-CV-712 (N.D. Ind. filed August 29, 2018), he alleged correctional officers at the Westville Correctional Facility assaulted him and threatened to do so again. After the preliminary injunction motion was fully briefed, the court found Mr. Mayweather-Brown made inconsistent statements and denied the motion. The court found his allegations about the attack and threats lacked credibility. Mr. Mayweather-Brown was denied leave to proceed *in forma pauperis*, and the case was dismissed when he did not pay the filing fee.

In *Mayweather-Brown v. Sevier*, 3:19-CV-252 (N.D. Ind. filed March 29, 2019), he alleged he was being served spoiled food at the Westville Correctional Facility which made him vomit. After the preliminary injunction motion was fully briefed, the court found Mr. Mayweather-Brown had been served cold food he found unpleasant, but not spoiled food. The court found he had been offered medical treatment for vomiting but refused it. The court found he lied about asking to be removed from a Kosher diet. The court found he lacked credibility, was not in imminent danger of serious physical harm, and denied the motion for a preliminary injunction. Mr. Mayweather-Brown voluntarily dismissed the case.

In *Mayweather-Brown v. Sevier*, 3:19-CV-409 (N.D. Ind. filed May 24, 2019), he alleged he was being feed eggs which could cause him to experience anaphylactic shock. In response, the defendant provided medical records showing Mr. Mayweather-Brown was on an egg free diet even though his allergic reaction was the lowest detectable. Mr. Mayweather-Brown voluntarily dismissed the case.

In *Mayweather-Brown v. Galipeau*, 3:20-CV-153 (N.D. Ind. filed February 19, 2020), he alleged there was inadequate ventilation and extreme heat in his cell at the Westville Correctional Facility. The

2

defendant provided evidence showing Mr. Mayweather-Brown was not suffering any adverse respiratory difficulties and that the temperature and ventilation in his cell were not inappropriate. In addition, Mr. Mayweather-Brown refused to change cells when offered the opportunity. The court found his allegation of imminent danger was not credible, denied the preliminary injunction, and denied leave to proceed *in forma pauperis*. Mr. Mayweather-Brown was given the opportunity to continue the lawsuit if he pays the $400 filing fee. This case remains pending.

Now, for the seventh time, Mr. Mayweather-Brown again alleges he is in imminent danger. He suggests there is a wide-ranging conspiracy at the Westville Correctional Facility that authorizes corruption, excessive force, intimidation, and the falsification of state documents. In support of this theory, he suggests officers used excessive force against him on February 21, 2020 when they extracted him from his cell after he covered his window in violation of prison rules. He also alleges force was used against another inmate, but he has provided no details, so it is impossible to know whether the force was justifiable.

Mr. Mayweather-Brown alleges he was outside wearing a coat and sweatpants on April 1, 2020. He alleges the temperature was 40-50 degrees Fahrenheit. After 20 minutes he was cold and wanted to come inside because he feared he might catch influenza. However, being outside under those conditions did not place him in imminent danger of serious physical injury. Moreover, influenza is not contracted by being cold. *See* https://www.health.harvard.edu/diseases-and-conditions/10-flu-myths. Because he was not immediately let in, he beat on the plexiglass window for 45 minutes. In response, a weapons team was called. He alleges they attempted to use force against him, he but doesn't say they successfully used any force against him. Rather, he says he was placed in a strip cell for 14 days because he was accused of spitting on a guard. He says he did not spit and is being searched five times a day, but neither are relevant to whether he is in imminent danger. What is relevant is that being searched in a strip cell for two weeks doesn't demonstrate that he was or is in imminent danger.

3

To meet the imminent danger standard, the threat complained of must be real and proximate. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003). Only "genuine emergencies" qualify as a basis for circumventing § 1915(g). *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). Mr. Mayweather-Brown's allegation of imminent danger in this case is baseless—just as were his allegations of imminent danger in his prior six lawsuits.

This circuit requires litigants to be restricted when they attempt to "bamboozle" the court by seeking to proceed *in forma pauperis* after they have been informed that they are barred from doing so:

> Litigants to whom § 1915(g) applies take heed! An effort to bamboozle the court by seeking permission to proceed *in forma pauperis* after a federal judge has held that § 1915(g) applies to a particular litigant will lead to immediate termination of the suit. Moreover, the fee remains due, and we held in *Newlin v. Helman*, 123 F.3d 429, 436-37 (7th Cir. 1997), that unpaid docket fees incurred by litigants subject to § 1915(g) lead straight to an order forbidding further litigation. Sloan's appeal is dismissed for failure to pay the appellate filing and docket fees. Until Sloan has paid in full all outstanding fees and sanctions in all civil actions he has filed, the clerks of all courts in this circuit will return unfiled all papers he tenders. This order does not apply to criminal cases or petitions challenging the terms of his confinement, and may be reexamined in two years under the approach of *Newlin* and *Support Systems International, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995).

*Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999). Here, Mr. Mayweather-Brown acknowledges he is three struck, but his attempt to bamboozle the court is no less real. This is now the seventh time he has claimed he is in imminent danger when he is not. Thus dismissal (even dismissal with prejudice) would not be sufficient because he has demonstrated that he will not stop attempting to defraud the court. Neither is a fine sufficient because "[m]onetary sanctions are generally not as effective against a *pro se* plaintiff proceeding as a pauper." *Hoskins v. Dart*, 633 F.3d 541, 544 (7th Cir. 2011).

The appropriate sanction here is to restrict him. "Abusers of the judicial process are not entitled to sue and appeal without paying the normal filing fees—indeed, are not entitled to sue and appeal, period. Abuses of process are not merely not to be subsidized; they are to be sanctioned." *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989). "Federal courts have both the inherent power and

4

constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *In re McDonald*, 489 U.S. 180, 185 n. 8 (1989) quoting *In re Martin-Trigona*, 737 F. 2d 1254, 1261 (2nd Cir. 1984). Though a single instance of mistakenly alleging imminent danger would generally not be a basis for imposing a filing restriction, seven certainly is. Mr. Mayweather-Brown has been repeatedly told he may not proceed unless he is in imminent danger. He has been repeatedly told his allegations of imminent danger are insufficient. Yet he continued to make claims that were proven demonstrably false. Now he brings this case that does not plausibly allege that he was or is in imminent danger of serious physical injury. Enough is enough.

Accordingly, this case will be dismissed, the filing fee assessed, and Mr. Mayweather-Brown restricted until he has paid in full all outstanding filing fees and sanctions imposed by any federal court. The restriction imposed by this order does not restrict him from filing a notice of appeal nor "impede him from making any filings necessary to protect him from imprisonment or other confinement, but . . . [it does] not let him file any paper in any other suit . . . until he pays the money he owes." *Support Sys. Int'l v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995).

For these reasons, the court:

(1) DISMISSES this case WITHOUT PREJUDICE;

(2) ORDERS the plaintiff, **Quintin J. Mayweather-Brown, IDOC # 149877**, to pay (and the facility having custody of him to automatically remit) to the clerk of this court 20 percent of the money he receives for each calendar month during which he receives $10.00 or more, until the **$400.00** filing fee is paid in full;

(3) DIRECTS the clerk of court to create a ledger for receipt of these funds;

(4) DIRECTS the clerk of court to return, unfiled, any papers filed in any cases by or on behalf of Quintin J. Mayweather-Brown (except for a notice of appeal or unless filed in a criminal or habeas

corpus proceeding) until he has paid in full all outstanding fees and sanctions in all civil actions in any federal court;

(5) DIRECTS the clerk to note on the docket of this case any attempted filings in violation of this order; and

(6) DIRECTS the clerk to ensure that a copy of this order is mailed to each facility where the plaintiff is housed until the filing fee has been paid in full.

SO ORDERED.

April 14, 2020

*s/ Damon R. Leichty*
Judge, United States District Court